1  Gary L. Eastman, Esq. (CSB #182518)
2  Sara Gold, Esq. (CSB #328268)
   Eastman IP
3  401 West A Street, Suite 1785
   San Diego, CA 92101
4  (619) 230-1144
5  Attorneys for Counter-Plaintiff
6  Trusper Inc. dba Musely

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tamara Wareka p/k/a Tamara Williams,<br><br>Plaintiff,<br><br>v.<br><br>Trusper Inc. d/b/a Musely,<br><br>Defendant/<br>Third-Party Plaintiff | Case No. 3:21-cv-2682<br><br>**COUNTERCLAIM AGAINST TAMARA WAREKA FOR:**<br><br>(1) **BREACH OF WRITTEN CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |
| Trusper Inc. d/b/a Musely,<br><br>Counter-Plaintiff,<br><br>v.<br><br>Tamara Wareka p/k/a Tamara Williams,<br><br>Counter-Defendant. | |

# COUNTERCLAIM AND JURY DEMAND

Counter-Plaintiff Trusper Inc. hereby asserts a breach of contract counterclaim against Counter-Defendant Tamara Wareka on the basis that Wareka breached her obligations to Musely, who is an intended third-party beneficiary as a releasee under Wareka's copyright settlement agreement with Mai Couture.

## PARTIES

1. Trusper Inc. d/b/a Musely ("Musely") is a California corporation with a business address of 3300 Central Expressway, Santa Clara, CA, 95051. Musely specializes in telemedicine and prescription skincare.

2. Tamara Wareka is an individual and professional photographer.

3. HML & Co. LLC d/b/a Mai Couture ("Mai Couture") is a California limited liability company with a business address of 15111 Beach Blvd, Westminster, CA 92683. Mai Couture sells skincare and cosmetics.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over Musely's breach of contract counterclaim because it arises from the same transaction or occurrence that is the subject matter of the opposing party's claim. Wareka alleges copyright infringement against Musely; Musely's breach of contract counterclaim alleges that said copyright claim should not have been brought in the first place because it was released under a prior settlement agreement and that Wareka's failure to honor that contractual release is a breach of contract against Musely, who is an intended third-party beneficiary as a releasee under the prior settlement agreement.

5. Musely could not have brought this counterclaim at the same time as serving its answer because the basis for this counterclaim was then unknown to Musely. Musely did not know the substance of the prior settlement agreement until

1  January 2022, after which further discovery was required for Musely to ascertain
2  Musely's status as an intended third-party beneficiary of the prior settlement
3  agreement.
4      6.  Wareka has consented to this Court's jurisdiction and venue by filing
5  suit against Musely.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.  Tamara Wareka owns Registration Number VA-2-116-904 with the U.S. Copyright Office for a photograph she took of model Jeanni Mulder ("the Mulder Photograph"). The Mulder Photograph was registered as part of a group registration with the U.S. Copyright Office in 2018. Attached as **Exhibit 1** is a true and correct copy of Exhibit A from Wareka's complaint, showing the original Mulder Photograph.

8.  Musely formerly operated the Musely Marketplace, an online platform that allowed Musely merchants to host their own "shops" and engage in commerce. Starting on January 12, 2016, Mai Couture was a Musely merchant pursuant to a written Services Agreement between Mai Couture and Musely. As a Musely merchant, Mai Couture was able to promote its products and services and post promotional content to Musely's social media pages under the "Musely" account banner without action or oversight by Musely.

9.  On July 19, 2019, a cropped version of the Mulder Photograph appeared on Musely's Instagram and Facebook pages in a post promoting Mai Couture's Highlighter Paper ("the Instagram Post" and "the Facebook Post," respectively). The same exact cropped version of the Mulder Photograph had originally appeared in a post on Mai Couture's Instagram page on March 19, 2018, promoting Mai Couture's same Highlighter Paper product.

10. In April 2020, Wareka discovered the use of the Mulder Photograph on both Musely's and Mai Couture's Instagram pages. When Wareka informed Musely about the appearance of her copyrighted image on Musely's Instagram page, Musely swiftly removed the Instagram Post and informed Wareka that the Instagram Post was user-generated such that Musely was shielded from liability under the Digital Millennium Copyright Act.

11. A Wareka representative subsequently contacted Mai Couture regarding the appearance of the Mulder Photograph in the Instagram Post and on Mai Couture's own Instagram page on March 19, 2018. Attached as **Exhibit 2** is a true and correct screenshot of Mai Couture's March 19, 2018 Instagram post featuring the identically edited Mulder Photograph.

12. Mai Couture denied providing the Mulder Photograph to Musely, and Mai Couture and Wareka reached a confidential settlement agreement ("the Prior Settlement Agreement") regarding Wareka's copyright infringement claims related to the Mulder Photograph. Under the Prior Settlement Agreement, Mai Couture paid an undisclosed sum to Wareka in exchange for Wareka's release of "all claims related to the Image" as against Mai Couture and "all those acting in concert or participation with them or under their direction or control."

13. Wareka was on notice of facts by which she knew or should have known that Mai Couture had worked by or through Musely resulting in the Mulder Photograph's appearance in the Instagram Post and the Facebook Post (collectively, "the Social Media Posts"), making Musely an intended third-party beneficiary as a releasee under the Prior Settlement Agreement.

14. Firstly, the first sentence of the Social Media Posts refers to Mai Couture in the first person, inviting readers to "shop our summer glow must-have" in reference to Mai Couture's own "Glow Duo" Highlighter Paper. The Social Media Posts, identical in substance, exclusively discussed Mai Couture and included a shoppable link directing visitors to purchase Mai Couture's Highlighter

Paper product. Musely did not include shoppable links in any of the content it created. Attached as **Exhibit 3** is a true and correct copy of Exhibit D from Wareka's complaint against Musely, showing the Facebook Post posted to Musely's Facebook page on July 19, 20219.

15. Secondly, the Mulder Photograph appears in the exact same, cropped format in the Social Media Posts on July 19, 2019 as in Mai Couture's original Instagram post on March 19, 2018 promoting Mai Couture's Highlighter Paper, as shown below and in Exhibits 2-3. A comparison of Exhibit 1 (Wareka's copyrighted image) and Exhibit 2 (Mai Couture's original 2018 Instagram post) shows that Mai Couture originally cropped the Mulder Photograph to exclude the model's lower lip and most of the model's forehead. There is virtually no possibility that Musely later happened to obtain the Mulder Photograph from a source other than Mai Couture, crop it in the exact same way Mai Couture previously had, and then use that identically cropped image to promote the exact same product that Mai Couture had promoted more than a year earlier using the same image.



*Cropped Mulder Photograph on Mai Couture IG – March 19, 2018 (Ex. 2)*

COUNTERCLAIM AGAINST TAMARA WAREKA

5

*Cropped Mulder Photograph on Musely Facebook – July 19, 2019 (Ex. 3)*

## FIRST CLAIM FOR RELIEF
## BREACH OF WRITTEN CONTRACT

16. Musely realleges paragraphs 1 through 15 above and incorporates them by reference as if fully set forth herein.

17. On or around September 2, 2020, Mai Couture and Wareka executed the Prior Settlement Agreement as a full and final resolution of Wareka's copyright infringement claims related to the Mulder Photograph. The Prior Settlement Agreement was made for valuable consideration. Mai Couture paid an undisclosed sum to Wareka. In exchange, Wareka contractually agreed to release "all claims related to the Image" as against Mai Couture and "all those acting in concert or participation with them or under their direction or control."

18. Musely was and is a member of an identified class of persons for whose benefit the Prior Settlement Agreement was made. Musely was and is an intended third-party beneficiary as part of the class of persons "acting in concert or participation with" or "under [the] direction or control" of Mai Couture with respect to the publication of the Mulder Photograph. The Prior Settlement Agreement

expressly states that it was intended to inure to the benefit of and release all claims against these third-party beneficiaries.

19. At the time Wareka filed her copyright infringement lawsuit against Musely, she knew or should have known that Musely was a third party "acting in concert or participation with" or "under [the] direction or control" of Mai Couture with respect to the publication of the Mulder Photograph.

20. Despite her knowledge that the Mulder Photograph must have appeared in the Social Media Posts only with Mai Couture's participation or under Mai Couture's direction or control, Wareka nonetheless filed suit against Musely alleging copyright infringement arising from the Social Media Posts' display of the Mulder Photograph.

21. Wareka has learned additional facts through discovery that have put her on further notice that Musely is protected as a releasee under the Prior Settlement Agreement because Mai Couture worked by or through Musely resulting in the Mulder Photograph's appearance in the Social Media Posts.

22. Wareka has been supplied with the Services Agreement between Mai Couture and Musely establishing Mai Couture's access to and use of the Musely Marketplace to promote its products. Wareka has also been informed that Musely has no record of receiving or downloading the Mulder Photograph and has no record of creating the Social Media Posts. As of July 2019, Musely had in fact halted all internal work on the Musely Marketplace to focus on launching the current FaceRx business, such that Musely would not have created the Social Media Posts.

23. Wareka has additionally been supplied with emails between Mai Couture and Musely regarding the Mulder Photograph. Despite assuring Wareka that it was in no way involved in the creation of the Social Media Posts, Mai Couture emailed Musely on June 3, 2020 to "reach out in regards to the email we both received from Tara [sic] Williams' team regarding copyright image used on IG" and to seek Musely's input on how to respond to Wareka's demand for

compensation. Then when Musely contacted Mai Couture on September 20, 2021 regarding Wareka's copyright infringement claims against Musely, Mai Couture replied: "We were informed that this image was a copyright infringement that was posted by the marketing firm we used in the past. We have paid the photographer for the infringement last year."

24. Wareka has continued to maintain her copyright infringement suit against Musely despite her knowledge that the Mulder Photograph appeared on Musely's channels for the benefit of Mai Couture, pursuant to a contractual relationship between Mai Couture and Musely, and only as a direct result of Mai Couture's actions.

25. By continuing to maintain her copyright infringement claims against Musely in contravention of the Prior Settlement Agreement, Wareka has forced Musely to spend unnecessary time and attorney's fees defending those claims, filing the instant counterclaim, and filing a third-party complaint against Mai Couture. Musely has also suffered reputational harm as an alleged copyright infringer, given that Musely is well-known as a trusted platform for online commerce.

26. Wareka's breach of contract has caused Musely to suffer special, actual, consequential, compensatory, and/or nominal damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Musely prays for judgment against counter-defendant Tamara Wareka as follows:

1. For a finding that Musely is an intended third-party beneficiary of Wareka's Prior Settlement Agreement with Mai Couture and that Wareka has breached her contractual obligations to Musely;

2. For a finding that Wareka's copyright claims against Musely are released under the Prior Settlement Agreement and should not have been brought, requiring dismissal of Wareka's copyright claims;
3. For an award special, actual, consequential, compensatory, and/or nominal damages in amounts to be proven at trial;
4. For an award of economic damages in an amount to be proven at trial;
5. For an award of all costs of litigation and reasonable attorney's fees against Wareka pursuant to contract;
6. For pre-judgment interest as permitted by law; and
7. For any other relief the Court deems just and proper.

**EASTMAN IP**

Dated: April 5, 2022                By:  /s/ Gary L. Eastman_____
                                    Gary L. Eastman, Esq.

                                    Attorneys for Counter-Plaintiff
                                    Trusper Inc. d/b/a Musely

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

**EASTMAN IP**

Dated:  April 5, 2022                    By:  /s/ Gary L. Eastman_____
                                                                Gary L. Eastman, Esq.

                                                                Attorneys for Counter-Plaintiff
                                                                Trusper Inc. d/b/a Musely

# CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies, if needed, have been served on those indicated as non-registered participants:

**To Tamara Wareka:**

Mathew K. Higbee, Esq.

Ryan Carreon, Esq.

Hany Gonzalez, Esq.

Higbee & Associates

1504 Brookhollow Dr., Suite 112

Santa Ana, California 92705

E-mail: mhigbee@higbeeassociates.com

rcarreon@higbeeassociates.com

hgonzalez@higbeeassociates.com

*Counsel for Tamara Wareka*

/s/ Gary L. Eastman

**EXHIBIT 1**



**EXHIBIT 2**



**EXHIBIT 3**

