UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>    Plaintiff<br>    Counter-defendant,<br><br>v.<br><br>TRUSPER INC., dba MUSELY,<br><br>    Defendant/<br>    Counter-plaintiff/<br>    Third-party plaintiff<br><br>v.<br><br>HML & CO LCC, dba MAI COUTURE,<br><br>    Third-party defendant. | Case Number: **3:21-cv-02682-VC**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |
| Original action and related cross and third party claims | |

  Tamara Wareka and Trusper Inc. jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9. These proceedings involve the original action (Wareka v. Trusper), Trusper's counterclaim against Wareka filed April 5, 2022 (Trusper v. Wareka), and Trusper's third-party complaint filed against Mai Couture on April 5, 2022 (Trusper v. Mai Couture).

  Ms. Wareka and Trusper were unable to secure Mai Couture's participation in the drafting of this joint report. Trusper as third-party plaintiff has made all efforts to serve Mai Couture at its corporate service address listed with the California Secretary of State. Although substitute service has been effected, Trusper despite all best efforts has been unable to effect

Page **1** of **14**

*Form updated May 2018*

service at Mai Couture's Registered Agent address. Mai Couture also has not responded to Trusper's repeated attempts prior to the filing of the third-party complaint to discuss this matter in hopes of reaching resolution. Mai Couture has not yet appeared in the case and, counter to the parties' hopes, was unable to be consulted in the creation of this Joint Case Management Statement.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq. This Court has subject matter jurisdiction over Ms. Wareka's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). This court has personal jurisdiction over Trusper because Trusper's acts of infringement complained of herein occurred in the state of California, Trusper's acts of infringement were directed towards the state of California, Trusper caused injury to Plaintiff within the state of California, and Trusper has a physical presence in the state of California. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred. Ms. Wareka is informed that Defendant was served on July 2, 2021 (June 22, 2021 via substituted service).

      Ms. Wareka was served with the counterclaims on April 5, 2022 via ECF, and Counsel for the parties agreed to an extension of time for response to May 26, 2022. Trusper has sought service on third-party plaintiff, HML & CO LLC, dba Mai Couture at several locations, and successfully served through substitute service at two separate addresses; however, no service has been possible at the Registered Agent identified by the California Secretary of State.

2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

*Form updated May 2018*

**Ms. Wareka's Position**

Tamara Wareka is the sole author and exclusive rights holder to one photograph of model Jeanni Mulder ("Mulder Photograph"). Trusper maintains an Instagram page, https://www.instagram.com/musely/ under the handle @musely ("Instagram Page"). On or about April 1, 2020, Wareka discovered her Mulder Photograph being used by Trusper on its Instagram Page. The caption lauded Mai Couture's Glow Duo Bronzer and Highlighter product and included a shoppable tag for Instagram users to click through to the product page. The shoppable tag delivers important product information to Instagram users. Shoppable tags also facilitate product sales by allowing Instagram users to get from an Instagram post onto a merchant's online shop without ever leaving the app. Trusper also maintains a Facebook page, https://www.facebook.com/muselyofficial ("Facebook Page"). On or about April 5, 2021, Ms. Wareka discovered her Mulder Photograph being used by Trusper on its Facebook Page. The caption of Trusper's post of the Mulder Photograph on Trusper's Facebook Page also lauded Mai Couture's Glow Duo Bronzer and Highlighter product. The caption of Trusper's post of the Mulder Photograph on Trusper's Facebook Page also included a shoppable link for Facebook users to click through to the product page. In no event did Ms. Wareka offer Trusper a license to use her Mulder Photograph in any manner.

Ms. Wareka contends that the major factual issues are: (1) from what source Trusper acquired the photograph; (2) what person or persons were responsible for uploading the photograph on the Instagram Page and Facebook Page; (3) whether Trusper further disseminated the photograph through other means; (4) whether Trusper knew or had reason to know that they did not have permission to use the photograph; (5) whether Trusper had the ability to supervise, control, and approve the photograph being uploaded to the Instagram Page and Facebook Page; (7) to what extent Trusper commercially profited off of the use of Ms. Wareka's photograph.

**Trusper's Position**

In 2019, the Mulder Photograph appeared on the social media channels associated with Trusper's online marketplace ("the Trusper Marketplace"), an online platform that at the time

enabled merchants to post their own content, including through the "Musely" account banner, and sell their own products without Trusper's oversight or involvement (however, Trusper has since changed its platform to no longer permit user-generated content). This hands-off model classified Trusper as an online service provider under the DMCA, i.e. a platform for digital online communications of material of the user's choosing, without modification to the content of the material as sent or received. 17 U.S.C. § 512(k)(1). An online service provider is not liable for copyright-infringing material stored at the direction of a user, so long as the service provider did not know about the infringing material and expeditiously removed it upon gaining knowledge. 17 U.S.C. § 512(c).

Akin to a website like Facebook or Twitter, Trusper was the mere platform for merchants and buyers to conduct transactions. As Trusper lacked the ability to review users' content either before or after posting, all users of the Trusper Marketplace were required to assent to Trusper's terms of service; these provided that merchants were solely responsible for all content relating to their stores and product listings, including compliance with intellectual property laws. As an online service provider complying with all DMCA safe-harbor provisions, including having a registered agent, Trusper is shielded from liability for its users' infringing material.

At the time when the relevant posts appeared on Trusper's channels, Mai Couture was a Trusper Marketplace merchant, having signed a Merchant Agreement with Defendant by which Mai Couture agreed to abide by Defendant's strict content policies. As a merchant, Mai Couture posted content and sold products through the Trusper Marketplace. Trusper believes that in using the Trusper Marketplace, Mai Couture directly uploaded to Trusper's social media these Mai Couture-focused posts in contravention of Trusper's content policies.

Mai Couture originally obtained the Mulder Photograph and posted it to Mai Couture's own Instagram on March 19, 2018 in a post promoting Mai Couture's Highlighter product. It can be no coincidence that the same image, cropped in the same exact way, appeared on

Trusper's channels on July 19, 2019 in connection with the same Highlighter product. Ms. Wareka contacted both Mai Couture and Trusper in 2020 regarding the Mulder Photograph. Mai Couture and Ms. Wareka ultimately reached a settlement agreement ("the Prior Settlement Agreement") whereby Ms. Wareka released Mai Couture and "all those acting in concert or participation with them or under their direction or control" from all claims relating to the Mulder Photograph.

Mai Couture originally promoted their highlighter product using this same photograph that is being asserted in this case against Trusper. However, Trusper could not have reasonably obtained this specific version of the Mulder Photograph independent of Mai Couture, who posted it first in 2018. Trusper did not obtain the Mulder Photograph without Mai Couture and, as a result, Trusper is not responsible for the relevant posts under the DMCA and/or under the Prior Settlement Agreement.

3. Legal Issues
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Wareka v. Trusper (Original Action)

Ms. Wareka contends that the major legal issues are: (1) whether Trusper is vicariously liable for violation of 17 U.S.C. § 101 *et seq*; and (2) whether Trusper's actions were willful pursuant to 17 U.S.C. § 504(c)(2).

Trusper contends that the major legal issues are: (1) whether the Mulder Photograph is sufficiently original to qualify for copyright protection; (2) whether Mai Couture's post through the Marketplace infringed Ms. Wareka's photograph; (3) whether Trusper at the time of the alleged infringement operated as a third party marketplace platform independent of the posting entity without editorial control;  (4) whether Trusper is vicariously liable for violation of 17 U.S.C. § 101 *et seq*; (5) whether Trusper's actions were willful pursuant to 17 U.S.C. § 504(c)(2); and (6) whether the instant claims against Trusper are released under the Prior Settlement Agreement.

*Form updated May 2018*

Trusper v. Wareka (Counterclaim)

Trusper contends that the major legal issues are: (1) whether Trusper was/is a released party under the Prior Settlement Agreement; and (2) whether and at what point Ms. Wareka knew, or should have known, that Trusper was/is a released party under the Prior Settlement Agreement.

Ms. Wareka contends that the major legal issues are: (1) whether Trusper has standing to file a Breach of Contract claim, (2) whether Trusper has properly stated/alleged a claim, and (3) whether California is proper venue for which to file the Counterclaim.

Trusper v. Mai Couture (Third-Party Complaint)

Trusper contends that the major legal issues are: (1) whether and by what means Mai Couture supplied Trusper with the Photograph and/or caused the Photograph to be displayed on Trusper's social media channels; and (2) whether Mai Couture breached the Services Agreement by causing the Photograph to be displayed on Trusper's social media; and (3) whether Mai Couture defamed Trusper by making false accusations about Trusper to Ms. Wareka.

Trusper does not know Mai Couture's position on the legal issues, as Mai Couture has not yet appeared in this action nor responded to Trusper's attempts prior to the filing of the third-party complaint to seek Mai Couture's input.

4. Motions
*All prior and pending motions, their current status, and any anticipated motions.*

Ms. Wareka anticipates filing one motion for summary judgment.

Trusper anticipates filing one motion for summary judgment and a motion to dismiss the Counterclaim.

5. Amendment of Pleadings/Addition of Parties
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

*Form updated May 2018*

The deadline to amend pleadings or add new parties has passed under the current case management schedule. Ms. Wareka and Trusper are presently unaware of any amendments or party additions that may be sought by Mai Couture once it appears in this action as third-party defendants. In the event that Mai Couture seeks amendments and/or party additions, the parties will consult the Court for guidance.

6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties intend to exchange Portable Document Format ("PDF") files during discovery, but Defendant would like to preserve the right to native file(s) of the Mulder Photograph.

7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

Ms. Wareka and Trusper exchanged initial disclosures on **November 23, 2021**. Trusper will swiftly provide initial disclosures to Mai Couture regarding the third-party claims once Mai Couture appears in the action.

8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Ms. Wareka propounded written discovery requests on January 14, 2022, to which Trusper responded in full. Trusper propounded written discovery requests on January 31, 2022, and Ms. Wareka produced written responses on March 23, 2022. However, to date, Ms. Wareka has not produced any documents despite Trusper's multiple reminders and requests.

*Form updated May 2018*

Trusper on May 6, 2022 served subpoenas for documents on Lauren Kelly (Ms. Wareka's agent) and LK Creative Consulting LLC, a limited liability company believed to be owned by Ms. Kelly.

9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

This matter does not involve a class action.

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Aside from the third-party action of *Trusper Inc. v. HML & Co LLC*, there are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Wareka v. Trusper (Original Action)

Ms. Wareka seeks a finding that Trusper infringed her copyright interest in the Photograph by copying, displaying, and distributing it without a license or consent. She also seeks an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at her election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger. Additionally, Ms. Wareka seeks an injunction preventing Trusper from further infringement of any or all of her copyrighted works pursuant to 17 U.S.C. § 502, costs of litigation and reasonable attorney's fees against Trusper pursuant to 17

*Form updated May 2018*

U.S.C. § 505, pre judgment interest as permitted by law, and any other relief the Court deems just and proper.

Trusper contends that it is not liable for copyright infringement and has impleaded Mai Couture for any liability that could be established. In the event liability were established, the Copyright Act gives Ms. Wareka the option to select actual damages, including disgorgement of profits, or statutory damages. In the event Ms. Wareka opts to recover actual damages, Trusper would want the Court or jury to consider that Mai Couture benefitted at most $21.95, and Trusper benefitted at most $4.39, from the posts at issue.

<u>Trusper v. Wareka (Counterclaim)</u>

Trusper seeks a finding that Trusper is an intended third-party beneficiary of Ms. Wareka's Prior Settlement Agreement with Mai Couture, that Ms. Wareka has breached her contractual obligations to Trusper, and that Ms. Wareka's copyright claims against Trusper are released under the Prior Settlement Agreement and should not have been brought, requiring dismissal of Wareka's copyright claims. Trusper further seeks economic, special, actual, consequential, compensatory, and/or nominal damages in amounts to be proven at trial, all costs of litigation and reasonable attorney's fees against Ms. Wareka pursuant to contract, pre-judgment interest as permitted by law, and any other relief the Court deems just and proper.

Ms. Wareka contends Trusper's Counterclaim for Breach of Contract fails on the merits because Trusper lacks standing to assert a claim for breach, the actions alleged by Trusper do not constitute a breach since it has not alleged a legally cognizable harm, and the Prior Settlement Agreement at issue expressly calls for venue to be in New York, not California, so it cannot overcome the explicit venue provision.

<u>Trusper v. Mai Couture (Third-Party Complaint)</u>

Trusper seeks a finding that a valid contract exists between Mai Couture and Trusper and that Mai Couture has breached that contract, triggering the indemnification provisions of the

*Form updated May 2018*

Services Agreement as applicable to this action. Trusper secondly seeks a finding that Mai Couture made statements to Ms. Wareka regarding Trusper which were known to be false at the time the statements were made, and that such statements constitute defamation per se. Trusper further seeks economic damages in an amount to be proven at trial, all costs of litigation and reasonable attorney's fees against Mai Couture pursuant to contract, pre judgment interest as permitted by law, and any other relief the Court deems just and proper.

12. <u>Settlement and ADR</u>
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Trusper and Ms. Wareka participated in a six-hour mediation on February 24, 2022 with court-approved mediator Tom Cohen. The case did not settle at the mediation. Ms. Wareka recently made a settlement offer that Trusper is currently evaluating. Trusper has repeatedly but unsuccessfully attempted to resolve this matter as between it and Mai Couture.

13. <u>Consent to Magistrate Judge For All Purposes</u>

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*    ____ YES    __X_ NO

14. <u>Other References</u>
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*
N/A

15. <u>Narrowing of Issues</u>
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*
N/A

*Form updated May 2018*

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure.

17. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

This case is presently governed by the case management schedule issued by the Court on April 12, 2022.

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The case will be tried to the Court. Ms. Wareka and Trusper believe trial could be completed in 3 to 5 days.

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Ms. Wareka has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-1. Tamara Wareka p/k/a Tamara Williams, by and through her undersigned counsel hereby discloses the following interested parties and corporations that may have a financial interest in the outcome of this case: Tamara Williams, Plaintiff. These representations are made to enable judges of this Court to evaluate possible disqualifications or recusal. Ms. Wareka reserves the right to amend, correct and update this Disclosure Statement throughout the pendency of this action.

*Form updated May 2018*

Trusper has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-1. Trusper, by and through its undersigned counsel, hereby discloses the following interested parties and corporations that may have a financial interest in the outcome of this case: Jack Jia, Trusper's chief executive officer. These representations are made to enable judges of this Court to evaluate possible disqualifications or recusal. Trusper reserves the right to amend, correct and update this Disclosure Statement throughout the pendency of this action.

Mai Couture, having not yet appeared in the action, has not filed the required "Certification of Interested Entities or Persons."

20. Professional Conduct
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

N/A

Dated: May 18, 2022

**s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8358
(714) 597-6559 facsimile
*Lead Counsel for Tamara Wareka*

Dated: May 18, 2022

**/s/ Gary Eastman**
Gary L. Eastman, Esq.
Cal. Bar No. 182518
**EASTMAN IP**

*Form updated May 2018*

401 W. A Street, Ste. 1785
San Diego, CA 92101
(619) 230-1144
(619) 230-1199 facsimile
*Lead Counsel for Trusper Inc.*

*Form updated May 2018*

CERTIFICATE OF SERVICE

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 401 West A Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On May 20, 2022, at my place of business in San Diego, California, I served a copy of the following document:

**JOINT CASE MANAGEMENT STATEMENT**

via ECF. The undersigned hereby certifies that he caused a copy of the foregoing document to be served on all parties in the action by filing this document with the clerk of the U.S. District Court, Northern District of California, using the CM/ECF filing system.

I certify and declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 20, 2022, in San Diego, California.

By:   /s/ Gary L. Eastman
          Gary L. Eastman

*Form updated May 2018*