Gary L. Eastman, Esq. (SBN: 182518)
Sara Gold, Esq. (SBN: 328268)
EASTMAN IP
401 W. A Street, Suite 1780
San Diego, CA 92101
Telephone: (619) 230-1144
Facsimile: (619) 230-1194
E-Mail: gary@eastmanip.com
       sara@eastmanip.com
Attorneys for Defendant Trusper Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS, <br><br> Plaintiff Counter-defendant, <br><br> v. <br><br> TRUSPER INC., dba MUSELY, <br><br> Defendant/ Counter-plaintiff/ Third-party plaintiff <br><br> v. <br><br> HML & CO LCC, dba MAI COUTURE, <br><br> Third-party defendant. <br><br> Original action and related cross and third-party claims | Case No. 3:21-cv-02682-VC-SK <br><br> **DEFENDANT'S SUPPLEMENTAL BRIEF** <br><br> Judge: Hon. Vince Chhabria <br> Courtroom: 5, San Francisco Courthouse <br> Date: July 7, 2022 <br> Time: 2:30 p.m. |

Defendant Trusper Inc. ("Trusper") submits this supplemental brief pursuant to the Court's order of July 11, 2022. (Dkt. No. 71)  In light of the Court's characterization of Wareka's Anti-Slapp motion as "preposterous" and subsequent request for supplemental briefing only on the issue of nominal damages, Trusper refrains from making further argument against the application of California's Anti-Slapp legislation to the instant counter claim.

Trusper pleads nominal damages for its state-law breach of contract counterclaim. (Dkt. No. 54)  Under California law, nominal damages are a wholly separate category from actual damages. Whereas actual damages attempt to quantify the resultant harms flowing from a breach, nominal damages serve an entirely different purpose—that of recognizing that the breach of a contractual obligation is itself a harm. See Cal. Civ. Code § 3360. Nominal damages are "presumed as a matter of law to stem merely from the breach of a contract" because "the defendant's failure to perform a contractual duty is, in itself, a legal wrong that is fully distinct from the actual damages." *Sweet v. Johnson*, 169 Cal. App. 2d 630, 632 (Ct. App. 1959); California Civil Jury Instruction No. 360.  For this very reason, nominal damages are meant to apply when a breach of duty has caused "*no* appreciable detriment" to the party affected. Cal. Civ. Code § 3360 (emphasis added). Because nominal damages do not represent a measure of actual damages, the availability of nominal damages does not depend on whether any other category of damages, such as attorney's fees, is available to the claimant as a matter of law. Trusper firstly contends that it may recover its attorney's fees as actual, consequential damages; however, were this Court to disagree, nominal damages are a legally available category of damages for the sheer fact that the Settlement Agreement was breached.

## ARGUMENT

The Ninth Circuit Court of Appeals held in *Raiser v. Ventura College of Law* that "[u]nder California law, inability to show actual damages does not preclude recovery for

breach of contract" due to the availability of nominal damages under Civil Code section 3360. *Raiser v. Ventura College of Law*, 488 Fed. Appx. 219, 222 (9th Cir. July 10, 2012). In *Raiser*, the Court reversed the trial court's Rule 12(b)(6) dismissal of a California breach of contract claim for failure to assert damages. Dismissal was improper due to the availability of nominal damages even in the absence of actual damages. *Id*. *Raiser* accords with California courts' longstanding practice of validating breach of contract claims based on the prospect of nominal damages. See, e.g., *Midland Pacific Building Corp. v. King*, 157 Cal. App. 4th 264, 275 (Ct. App. 2007) (affirming denial of anti-SLAPP motion on basis that nominal damages were sufficient to create a valid contract claim); *Sweet*, 169 Cal. App. 2d at 632.

In 2016, this Court, citing *Raiser*, firmly decided that nominal damages alone can sustain a contract action—thus resolving any previous inconsistency in the case law.[1] *In re Facebook Privacy Litig.*, 192 F. Supp. 3d 1053, 1061-62 (N.D. Cal. June 28, 2016). This Court's subsequent rulings follow suit, agreeing that "in the end, the better view is that nominal damages will support a contract claim in California, even in the absence of actual damages." *Fisher v. Biozone Pharmaceuticals, Inc.*, No. 12-cv-03716, 2017 U.S. Dist. LEXIS 42822, at *14 (N.D. Cal. Mar. 23, 2017). Per this principle, nominal damages are enough to survive Rule 12(b)(6) dismissal. As an example, this Court held that Facebook users who could not measure actual damages from alleged data use policy violations could nevertheless state a breach of contract claim based on nominal damages. *In re Facebook, Inc.*, 402 F. Supp. 3d 767, 802 (N.D. Cal. 2019). Breach of a settlement

---

[1] This Court reconciled *Raiser* with the Ninth Circuit's earlier rulings in *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010 (9th Cir. 2000) and *Ruiz v. Gap, Inc.*, 380 Fed. App'x 689 (9th Cir. May 28, 2010). *Aguilera*, on which *Ruiz* was based, examined actual damages with respect to determining breach, rather than the availability of nominal damages. Neither of those cases contradicts the fact that nominal damages can satisfy damages once a breach has been established. *In re Facebook Privacy Litig.*, 192 F. Supp. 3d 1053, 1060-61 (N.D. Cal. June 28, 2016).

agreement is no different. In *Fisher v. Biozone Pharmaceuticals*, nominal damages from a breached settlement agreement were enough, for preliminary injunction purposes, to create a likelihood of success on the merits of a breach of contract claim. *Fisher*, 2017 U.S. Dist. LEXIS 42822, at *12-*14.

Trusper alleges breach of contract based on Wareka's failure to honor the release in the Settlement Agreement with Mai Couture, to which Trusper is a third-party beneficiary. *Copenbarger* confirms that maintenance of a lawsuit contrary to a settlement agreement is probably compensable by attorney's fees but, if not, by nominal damages for breach of contract. *Copenbarger v. Morris Cerullo World Evangelism, Inc.*, 29 Cal. App. 5th 1, 11 (Ct. App. 2018). Trusper pleads that the Settlement Agreement obligated Wareka to not pursue claims against Trusper that relate to the Mulder Image. (Counterclaim, ¶¶ 16-24.) Assuming this duty to be true for 12(b)(6) purposes, Wareka violated that duty by filing her copyright claim alleging Trusper's infringement of the Mulder Image. (Counterclaim, ¶¶ 20, 24.) Similarly in *Copenbarger*, the breaching party failed to dismiss the parties' lawsuit with prejudice as required under the parties' settlement agreement, resulting in wrongful continuation of the suit. *Id.* The Court indicated that "it appears to us attorney fees may be recovered as damages for breach of contract" but declined to formally rule on the issue because the prevailing party failed to prove the existence and amount of the fees sought. *Id.* But even without formally deciding whether attorney's fees are available as a matter of law, the Court easily held that nominal damages were in fact available in the absence of other relief. *Id.* at 15. Thus, even were this Court to rule that attorney's fees are barred under the "American rule," Trusper still could recover nominal damages for technical breach of contract.

Trusper also pleads specific performance, another potentially available remedy. A party seeking to enforce a contractual release may request specific performance, which would entail dismissal of the wrongfully filed claim. See *Bennett v. Progressive Cas. Ins. Co.*, No. G049243, 2015 Cal. App. Unpub. LEXIS 7834, at *11-*13 (Ct. App. Oct. 30,

2015) (trial court granted third-party beneficiary's breach of contract counterclaim which requested specific performance, and dismissed the claims filed in violation of the release). See also *Martin v. Padilla*, No. B147764, 2002 Cal. App. Unpub. LEXIS 9072, at *2-*4 (Ct. App. Sept. 27, 2002) (granting counterclaim for specific performance of settlement release). Trusper's counterclaim included a prayer for specific performance of the settlement agreement terms of release, namely, "requiring dismissal of Wareka's copyright claims." (Counterclaim at p. 9, #2.)

## CONCLUSION

Trusper pleads that it is entitled to attorney's fees as actual, consequential damages (Counterclaim, ¶ 25); the prayer for relief also requests specific performance vis-à-vis dismissal of the copyright claim (Counterclaim, p. 9, #2.) In the alternative, Trusper pleads nominal damages (¶ 26) and has stated facts sufficient to establish a technical breach of contract for which nominal damages may be awarded in the event no actual damages are found. Nominal damages are not simply a smaller amount of actual damages; they are an entirely separate category that applies whenever there is a breach of a contractual obligation. The Ninth Circuit's *Raiser* decision and this Court's subsequent holdings affirm that nominal damages are alone sufficient to sustain a claim for breach of contract under California law.  As Trusper is entitled to nominal damages at minimum, Trusper respectfully requests that the Court deny Wareka's anti-SLAPP motion in its entirety or, in the alternative, afford Trusper leave to amend.

Dated: July 15, 2022                            EASTMAN IP


                                                /s/ Gary L. Eastman
                                                Gary L. Eastman, attorney for Defendant
                                                Trusper Inc.

## **CERTIFICATE OF SERVICE**

I certify that on July 15, 2022, I electronically filed the foregoing DEFENDANT'S SUPPLEMENTAL BRIEF with the Clerk of the Court for the United States District Court, Northern District of California, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on July 15, 2022, at San Diego, California.

/s/    *Gary L. Eastman*