UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA,<br><br>        Plaintiff,<br><br>    v.<br><br>TRUSPER INC., et al.,<br><br>        Defendants. | Case No. 21-cv-02682-VC<br><br>**ORDER DENYING ANTI-SLAPP MOTION TO STRIKE TRUSPER'S COUNTERLCAIM**<br><br>Re: Dkt. No. 65 |

    Wareka's Anti-SLAPP motion to strike Trusper's counterclaim is denied, subject to renewal after the discovery period. Although Wareka has shown that Trusper's counterclaim arises out of her First Amendment right to petition, Trusper has shown a probability of prevailing on the merits at this stage of litigation.

    Because discovery has not yet been conducted, the motion must be construed as challenging the legal sufficiency of the pleadings. *See Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 834 (9th Cir. 2018). So the parties' factual disputes cannot be resolved at this time.[1] The only question is whether Trusper has plausibly alleged a claim for breach of contract. It has.

    According to the counterclaim, the Mai Couture Settlement Agreement released "all claims related to the Image" against Mai Couture and "all those acting in concert or participation with them or under their direction or control." "[T]he Image" clearly refers to the Mulder photograph. And the counterclaim plausibly alleges that the photo appeared on Trusper's social

---

[1] The Court did not consider any of the exhibits attached to the briefing, except the Mai Couture Settlement Agreement which is incorporated into the counterclaim by reference.

media pages as a result of some action taken by or with Mai Couture. The Trusper post promoted the same Mai Couture product and cropped the Mulder photograph in the same way as the Mai Couture post. It also included a shoppable link to Mai Couture's product, which a Trusper-created post would not have included. And during this time merchants could post to Trusper's social media pages directly. Of course, discovery may reveal that Trusper is wrong about the origin of the post. But that is an issue for summary judgment or a renewed Anti-SLAPP motion (that would be reviewed under the Rule 56 standard).

Trusper has also plausibly pleaded that it was damaged by Wareka's breach of the Settlement Agreement because it has incurred and continues to incur attorneys' fees to defend against Wareka's infringement lawsuit. Wareka, citing the American Rule, contends that parties must pay for their own costs of litigation so attorneys' fees cannot be recovered as damages in a breach of contract action. But Trusper is not seeking to recover attorneys' fees as a by-product of winning the lawsuit, which is when the American Rule applies. Instead, Trusper alleges that the attorneys' fees it has expended to defend against Wareka's lawsuit are consequential damages that foreseeably flowed from Wareka's breach of contract. In that situation, the existence of the American Rule is irrelevant.

Two California intermediate appellate court rulings have failed to appreciate the distinction between seeking attorneys' fees as damages and attorneys' fees as costs. *See Olson v. Arnett*, 113 Cal. App. 3d 59, 67–68 (Cal. Ct. App. 1980*)*; *Navellier v. Sletten*, 106 Cal. App. 4th 763, 776–77 (Cal. Ct. App. 2003). But a third more recent case raised this distinction in dicta and questioned the prior decisions. *See Copenbarger v. Morris Cerullo World Evangelism, Inc.*, 29 Cal. App. 5th 1, 9–11 (Cal. Ct. App. 2018). And recently, Judge Bennett, in an unpublished dissent, listed several persuasive reasons to believe that the Supreme Court would not follow *Olson* and *Navellier* if given the opportunity to decide the issue. *See Walker v. Ford Motor Company*, 768 F. App'x 601, 603–05 (9th Cir. 2019) (Bennett, J., dissenting).

This Court is not bound by *Olson* and *Navellier* if there is "convincing evidence" that the California Supreme Court would decide the issue differently. *State Farm Fire and Casualty*

*Company v. Abraio*, 874 F.2d 619, 621 (9th Cir. 1989). *Copenbarger*'s well-reasoned criticism of the prior caselaw, along with Judge Bennett's dissent, is such evidence. Trusper has thus plausibly pled damages for its breach of contract claim.[2]

Trusper seeks an award of fees and costs incurred in defending against this anti-SLAPP motion. Frankly, it's tempting to grant this request, because an anti-SLAPP motion in this context seems so obviously inappropriate. But because state law is murky on this issue, the Court cannot conclude that the motion to strike was frivolous or solely intended to cause unnecessary delay. *See* Cal. Civ. Proc. Code § 425.16(c)(1).

**IT IS SO ORDERED.**

Dated: July 28, 2022

_____
VINCE CHHABRIA
United States District Judge

---

[2] Even if Trusper could not recover its attorneys' fees as damages for defending against the underlying action, it could receive nominal damages in acknowledgement of the breach. *See* Cal. Civ. Code § 3360; *In re Facebook Privacy Litigation*, 192 F. Supp. 3d 1053, 1061–62 (N.D. Cal. 2016).