Gary L. Eastman (SBN: 182518)
EASTMAN IP
401 W. A Street, Suite 1785
San Diego, CA 92101
Telephone: (619) 230-1144
Facsimile: (619) 230-1194
E-Mail: gary@eastmanip.com

Attorneys for counter-plaintiff
Trusper Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>    Plaintiff<br>    Counter-defendant,<br><br>v.<br><br>TRUSPER INC., dba MUSELY,<br><br>    Defendant/<br>    Counter-plaintiff/<br>    Third-party plaintiff<br><br>v.<br><br>HML & CO LCC, dba Mai Couture,<br><br>    Third-party defendant.<br><br>Original action and related cross and third-party claims | Case No. 3:21-cv-02682-VC-SK<br><br>**TRUSPER INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 5, San Francisco Courthouse<br>Date: November 10, 2022<br>Time: 1:00 PM |

# I. INTRODUCTION

In efforts to oppose Trusper, Inc. dba Musely's ("Trusper") Motion for Summary Judgment, Ms. Wareka ("Wareka") seeks to cherry pick portions of the Agreement between Trusper and Mai Couture and fails to consider the most basic term of the agreement as it applies to this dispute.

Trupser is seeking Summary Judgment of its breach of contract counter-claim against Wareka as Trusper was a third party beneficiary of the Release & Settlement Agreement ("Settlement Agreement") between Wareka and Mai Couture surrounding the conduct for which Wareka is basing her copyright infringement claims in this case. Briefly, Wareka threatened Mai Couture with a copyright infringement suit for the use of the Mulder Photograph. At the time of these threats, Wareka was well aware of the Mulder Photograph appearing on Trusper's social media in conjunction with Mai Couture's products.[1] Ultimately, Wareka and Mai Couture entered into the Settlement Agreement for which Wareka was paid in exchange for a full release of Mai Couture including releasing all claims related to unauthorized use of Wareka's Mulder Image by Mai Couture and "all those acting in concert or participation with them or under their direction or control."[2]

Despite Wareka having already recovered from Mai Couture in 2020 pursuant to the Settlement Agreement for the uses of the Mulder Photograph, and despite Wareka knowing prior to the Settlement Agreement that Mai Couture and Trusper were working together in the promotion of Mai Couture's products on social media, Wareka brought this action for copyright infringement. Even now, despite Wareka

---

[1] Indeed, Wareka *learned* of the Mai Couture posts that gave rise to the copyright infringement claims and Settlement Agreement from Trusper. (Decl. Jia, Dkt. No. 67-2, ¶ 12; Decl. Carreon, Dkt. No. 65-2, Exh. C).

[2] This provision is contained in the Settlement Agreement at paragraph 7. (See Dkt. No 65-2, Decl. Carreon, Exh. A, p. 1, ¶ 7.)

being provided clear evidence of the existing and longstanding contractual relationship between Mai Couture and Trusper[3], Wareka maintains the copyright infringement action.

## II.  BREACH OF CONTRACT CLAIM RIPE FOR SUMMARY JUDGMENT AS NO MATERIAL FACT IS IN DISPUTE

In opposing summary judgment, Wareka abandons any theory that the scope of the Prior Settlement Agreement was limited by its terms to the post that Mai Couture uploaded to its own Mai Couture Instagram in 2018. She in fact concedes that her copyright claim against Trusper *is released* if in fact the Trusper Posts arose as a product of the relationship between Mai Couture and Trusper. Now she contends that Trusper—despite requiring Mai Couture by contract to create promotional posts for Trusper's social media channels and split profits from any resulting sales—did not act in concert or participation with Mai Couture by hosting these very posts. This contention belies the undisputed facts.

Because the social media marketing and profit-sharing relationship between Mai Couture and Trusper is undisputed, the Court may decide on summary judgment that Mai Couture has acted in concert or participation with Trusper with respect to the publication of the Mulder Image. See, e.g., *Autodesk, Inc. v. Alter*, No. 16-cv-04722-WHO, 2018 U.S. Dist. LEXIS 42953, at *13 (N.D. Cal. Mar. 15, 2018) (contract plaintiff was an intended third-party beneficiary as a matter of law). For contracts involving intellectual property rights, entitlement to profits from the contracting party's use of the relevant intellectual property is a classic indicator of third-party beneficiary status. In *Neev*, for example, a patent owner was an intended

---

[3] Trusper provided Wareka with a copy of the Services Agreement between Mai Couture and Trusper dated January 15, 2016 clearly establishing a longstanding relationship.  (See Dkt. No. 67-2, Decl. Jia, Exh. 1, ¶ 3).

REPLY IN SUPPORT OF SUMMARY JUDGMENT  2  Case No. 3:21-cv-02682-VC-SK

third-party beneficiary of its licensee's sub-license as a matter of law because the patent owner was entitled to royalties from use of the subject patent. *Neev v. Alcon Lensx*, No. SACV 15-01538 JVS(JCGx), 2017 U.S. Dist. LEXIS 228582, at *65 (C.D. Cal. June 30, 2017) ("By analyzing the entire contract and the circumstances surrounding its creation, a court can independently resolve the issue as a matter of law.").

      Akin to the patent owner's stake in the contract in *Neev*, both Trusper and Mai Couture had a clear financial stake in the Trusper Posts sufficient to confer third-party beneficiary status as a matter of law. It is undisputed that the Trusper Posts appeared on Trusper's social media channels pursuant to the business relationship between Mai Couture and Trusper. The Services Agreement clearly states that Mai Couture, as a Musely merchant, was required to post "shoppable tips" to social media[4]. (Dkt. No. 67-2, Exh. 1.) Wareka does not dispute that the Services Agreement gave Mai Couture the ability to utilize the Musely Marketplace, which at that time was a user content-focused platform permitting users to post promotional content to Trusper's social media channels without action or oversight by Trusper. (Jia Decl., Dkt. No. 67-2, ¶ 2.) Nor does she dispute that under the Services Agreement, Trusper was entitled to 20 percent of the proceeds from all sales originating from Trusper, including any sales that may have resulted from the Trusper Posts. (Id. at ¶¶ 3, 9-11.) As one court remarked, there is "no better example of 'in active concert or participation' as the profit-sharing business partnership." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, Civ. No. 90-2137 (SSB), 1997 U.S. Dist. LEXIS 23597, at *27 (D.N.J. Dec. 18, 1997). Because the Trusper Posts undoubtedly were intended to generate revenue for both Mai Couture and Trusper in

---

[4] The Services Agreement specifically requires "… Merchant [Mai Couture] agrees to :… (3) *create several Shopable Tips per week for promotional tests, and share on social channels*; …" (See Dkt. No. 67-2, Decl. Jia, Exh. 1) (emphasis added)

furtherance of the parties' profit-sharing arrangement, Trusper acted in concert or participation with Mai Couture with respect to the posts. Trusper is thus a released party regardless of whether Mai Couture was personally involved in the publication of the posts.

Though the Court need not inquire further, the facts strongly suggest that Mai Couture did in fact personally cause the Mulder Image to appear on Trusper's channels. As Trusper's CEO Jack Jia states in the record, the Trusper Posts were most likely generated by Mai Couture who, as a Musely merchant, was able to post promotional content to Trusper's social media channels without action or oversight by Trusper. (Jia Decl., Dkt. No. 67-2 at ¶ 6.) The only other way the posts could have arisen would have been by Mai Couture supplying the Mulder Image to Trusper to use in a promotional post for Mai Couture's benefit. (Id. at ¶ 7.) In either event, the Trusper Posts did not occur without Mai Couture's participation, particularly given that by mid-2019, Trusper had shifted its focus away from the Musely Marketplace altogether. (Id. at ¶ 7.)

Mai Couture knew from the outset that it was responsible for the Trusper Posts, told Wareka a different story to try to minimize its own liability, and has since been avoiding these proceedings in order to avoid being confronted on the truth of its statements.

### III. OBJECTION TO USE OF MAI TRAN STATEMENTS AS INADMISSIBLE

Trusper objects to Wareka's attempted use of email statements purportedly made by Mai Tran for any purpose. Trusper filed suit in this case against Mai Couture for indemnification pursuant to written agreement (See Dkt. No. 53). Despite multiple attempts by Trusper to engage Mai Couture, as well its president Mai Tran, in defending the case, Defendant Mai Couture failed to appear in the case resulting in Default being entered. (Dkt. No. 78). Further, despite being served with

deposition subpoena, she failed to confirm or participate. (See Jia Decl., Dkt. No. 67-2, ¶ 14; Dkt. Nos. 61 & 62; Dkt. No. 76)   Even ignoring the lack of foundation, under Federal Rule of Evidence 801, any emails by Ms. Tran are classic hearsay and must be excluded.

Wareka cannot rely on any purported statement of Mai Tran and as a result, the only testimony before this court is the declaration of Jack Jia that unequivocally states that any use of the Mulder Photograph was squarely within the scope of the Services Agreement between Mai Couture and Trusper. (Jia Decl., Dkt. No. 67-2, ¶ 2.)

## IV.    CONTRACT CHOICE OF LAW IS IRRELEVANT AND THE RESULT IS THE SAME

There is no dispute of contract interpretation or application of the appropriate law to determine Trusper's success on its breach of contract claim. As a threshold matter, Wareka now agrees that the Settlement Agreement in paragraph 6 releases all pre-settlement uses of the Mulder Image by Mai Couture or anyone whom Mai Couture was directing, controlling, or working in concert or participation with. The parties agree that so long as paragraph 6 applies to the creation of the Trusper Posts, any copyright claim related to the posts' display of the Mulder Image is barred. Moreover, this Court has already decided that in the event of a breach against Trusper, Trusper may be entitled to recover its attorney's fees for its copyright claim defense as consequential damages from the breach of the Settlement Agreement. (Dkt. No. 74.)

There is no choice of law issue that the Court needs to resolve in order to determine that Trusper is entitled to relief for breach of contract. While the Settlement Agreement specifies New York law as the governing law, the basic elements of contract formation and breach are the same under either New York or

California law and Trusper is considered a third-party beneficiary under the law of both jurisdictions. *981 Third Ave. Corp. v. Beltramini*, 108 A.2d 667, 669 (N.Y. 1985) (a contractual release can be enforced by any third-beneficiary beneficiary who belongs to the class of persons for whose benefit the release was made); *Brinton v. Bankers Pension Servs.*, 76 Cal. App. 4th 550, 558 (Ct. App. 1999) (same holding). Furthermore, the Court in this case correctly applied California law in ruling that consequential damages for breach are available here and do not violate the "American rule." (Dkt No. 74). A contractual choice of law provision governs only construction and interpretation of the contract, whereas damages for breach are governed by the law of the state having the most significant relationship to the contract. *Levering v. Addison-Wesley Pub. Co.,* No. C-85-7480 RFP, 1986 U.S. Dist. LEXIS 30170, at *4 (N.D. Cal. Jan. 22, 1986) (applying California law to recovery of damages in spite of the contract's choice of Massachusetts law). In denying Wareka's anti-SLAPP motion, the Court correctly applied California law to the damages issue because Wareka raised California's anti-SLAPP statute, Mai Couture and Trusper both reside in California, and the contract has no real connection to New York given that none of the parties reside there and the contract was not performed there.

  All that is left for this Court to decide, then, is whether the Trusper Posts arose as a product of Trusper and Mai Couture's cooperation in furtherance of their social media marketing and profit-sharing agreement. On this point, there is no genuine dispute of fact. Trusper was not Mai Couture's tax accountant or plumber who just so happened to publish the Mulder Image in a context unrelated to the services provided for Mai Couture. Mai Couture was precisely obligated under the Agreement to create social media posts to garner sales of Mai Couture products vis-à-vis the Musely Marketplace. The Trusper Posts furthered that purpose, and Wareka in fact admitted in her counterclaim answer that these posts were within the

scope of the Settlement Agreement.[5]  Wareka's discovery responses contain further supportive admissions, and these discovery responses are in fact in the record as Exhibits 1-2 to the Declaration of Gary L. Eastman, Docket Number 67-1. (See Dkt. No. 67-1, Exh. 1, Responses to Requests for Production Nos. 10-11; Dkt. No. 67-1, Exh. 2, Responses to Interrogatory Nos. 6, 14.) The undisputed facts, as well as Wareka's own litigation admissions, show that Trusper is an intended third-party beneficiary and released party under the Settlement Agreement as a matter of law.

## V.   DAMAGES ARE WARRANTED AND ATTORNEY FEES ARE APPROPRIATE

Trusper asks the Court to decide on summary judgment that Trusper prevails on its breach-of-contract counterclaim because Wareka sued Trusper for infringement of the Mulder Image in clear violation of the Settlement Agreement. The Court should also declare that Wareka's copyright claim fails as a matter of law. Trusper requests its attorney's fees incurred in defending the copyright claim, not only as consequential damages for the breach of contract but because Trusper is the prevailing defendant under section 505 of the Copyright Act. 17 U.S.C. sec. 505.

Attorney's fees are warranted under the Copyright Act based on extraordinary circumstances, for the Copyright Act authorizes the award of attorney's fees where the losing party's claims are frivolous or objectively unreasonable based on the information known to the party. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614-15 (9th Cir. 2010), citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994). See, e.g., *Neman Bros. & Assoc. v. One Step Up*, No. 2:17-cv-06400, 2018 U.S. Dist. LEXIS 235809, at *5 (C.D. Cal. Feb. 12, 2018) (awarding $40,000 in fees and costs to prevailing copyright defendant after summary judgment was granted on

---

[5] Wareka Answer, Dkt. No. 75, ¶ 17.

basis that the claims were released by prior settlement).

Wareka was fully aware of the Settlement Agreement prior to filing her copyright claim against Trusper and was personally in receipt of the Mai Couture-Trusper Services Agreement at least as early as January 2022, well prior to the court-ordered Mediation before Mr. Cohen on February 24, 2022 when this case could have easily resolved, and before months of expensive discovery and motion practice that have occurred in this litigation. Then, even after learning of the Services Agreement, Wareka maintained the copyright infringement claims and when Trusper counter-sued for a breach of the Settlement Agreement, Wareka filed a preposterous Anti-SLAPP motion further wasting this court's time and needlessly running up legal fees.

Simply put, there is no legal justification for her decision to file and then continue to maintain this action, especially after this Court ruled in July 2022 that Trusper's third-party beneficiary assertions have merit on their face. As the Court indicated, even if Trusper could not recover its attorneys' fees as damages for defending against the underlying action, it could receive nominal damages in acknowledgement of the breach. See Cal. Civ. Code § 3360; *In re Facebook Privacy Litigation*, 192 F. Supp. 3d 1053, 1061–62 (N.D. Cal. 2016). As a result, the Court may award nominal damages based on the breach of contract, and rely on the Copyright Act as a second basis to award Trusper its attorney's fees and costs. If the Court grants summary judgment, Trusper will submit a supplemental motion for award of damages with evidence of damages to the Court including a proper *Lodestar* analysis to quantify the fees and costs incurred.

///
///
///

## VI. CONCLUSION

Discovery has now closed. There is no genuine issue of material fact; Wareka simply cannot challenge the clear evidence that Trusper acted in concert or participation with Mai Couture; the record is void of any admissible evidence to the contrary. Thus Defendant and Counter-Claimant Trusper respectfully requests that this Court grant its Motion for Summary Judgment against Plaintiff Tamara Wareka on the claim for Breach of Contract brought by Trusper, and axiomatically, a finding of Non-Infringement on Wareka's claim for Copyright Infringement as no infringement claims can lie when the alleged conduct is released. Trusper further requests an award of costs of litigation and reasonable attorney fees as the prevailing party against Wareka for egregious conduct in this case pursuant to 17 U.S.C. § 504, Cal. Civ. Proc. Code § 425.16(c)(1), 28 U.S.C. § 1927, and any other relief the Court deems proper upon further motion and according to proof.

Dated: October 12, 2022        **EASTMAN IP**

/s/  Gary L. Eastman
Attorney for Defendant/Counter Claimant Trusper

# CERTIFICATE OF SERVICE

I certify that on October 12, 2022, I electronically filed the foregoing TRUSPER INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court for the United States District Court, Northern District of California, by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on October 12, 2022, at San Diego, California.

/s/    Gary L. Eastman