UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA,<br><br>        Plaintiff,<br><br>    v.<br><br>TRUSPER INC., et al.,<br><br>        Defendants. | Case No. 21-cv-02682-VC<br><br>**ORDER GRANTING TRUSPER'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 77 |

Trusper is entitled to summary judgment on its claim that Wareka breached its settlement agreement with Mai Couture by suing Trusper. This order assumes the reader's familiarity with the facts of the case and the relevant law.

The settlement agreement "inure[s] to the benefit of and [is] binding upon the Parties and…all those acting in concert or participation with them or under their direction or control." Dkt. No. 80-1 at 8. Because Mai denies creating the posts at issue or even providing the photograph to Trusper, Wareka contends there are factual disputes that preclude summary judgment. But even assuming these disputes are genuine, they are not material. Even if Trusper independently obtained the photograph and posted it on its own social media channels, no reasonable juror could conclude that Trusper did not act in concert or participation with Mai. The services agreement between Trusper and Mai contemplates the promotion of Mai's products on Trusper's social channels, and the posts on Trusper's Instagram and Facebook channels do just that. *See* Dkt. Nos. 53-1 at 10; 80-1 at 5–6. There is therefore no genuine dispute as to whether Trusper is protected by the release in the settlement agreement. For the same reason, summary judgment is granted to Trusper on Wareka's copyright claim.

As discussed in a prior ruling, Trusper will be entitled to recover compensatory damages in the form of reasonable attorney's fees incurred as a result of the breach. *See Wareka v. Trusper Inc.*, No. 21-cv-2682-VC, 2022 WL 2980429, at *1–2 (N.D. Cal. July 28, 2022). A case management conference is scheduled for March 8, 2023, to discuss how to adjudicate the damages amount. Trusper may also qualify for an award of fees under the Copyright Act, but presumably that would only be adjudicated (if necessary) after a final judgment is entered. *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614–15 (9th Cir. 2010); *Neman Brothers & Associates, Inc. v. One Step Up*, No. 2:17-cv-6400, 2018 WL 1414567 (C.D. Cal. Feb. 12, 2018).

**IT IS SO ORDERED.**

Dated: February 8, 2023

_____
VINCE CHHABRIA
United States District Judge